UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEROME RIDDICK,  :
      Plaintiff,  :
  :    PRISONER
v.  :    CASE NO. 3:11-cv-1555 (SRU)
  :
CHEVALIER, et al.,  :
      Defendants.  :

# ORDER

Jerome Riddick, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000). He names twenty-five defendants: Lieutenants Chevalier, Barnette, Pafumi, Hadlock, Morris and Daire; Correctional Officers Melbourne, Cotto, Smith, Emmelman, Buldoc, Josefiak, Durkin, Strielkauskas, Parnishkul, Brysgel, Lindsey and Keeney; Nurses Lawrence, Sanders Lyman and Taylor; and Drs. Frayne, Lazrove and Lee. Riddick asserts claim of deliberate indifference to mental health needs, failure to protect him from harm and use of excessive force.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are

not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

Riddick states that he has mental health problems and frequently harms himself. In the complaint, he describes four separate incidents. On October 29, 2010, Riddick was sprayed with a chemical agent despite being asthmatic, confined in four-point restraints in a sensory deprivation cell and forcibly medicated with psychotropic drugs. On December 20, 2010, he again was confined in a sensory deprivation cell with in-cell and four-point restraints and no mental health care. On January 4-5, 2011, Riddick alleges that he was subjected to a chemical agent without a mental health evaluation, confined in a sensory deprivation cell under four-point restraints, not prevented from harming himself, not provided mental health assistance, and forcibly medicated. He also contends that his personal property was discarded while he was so confined. Finally, on April 29, 2011, Riddick alleges that he was assaulted during a cell extraction. Riddick alleges that the defendants either directly participated in the incidents or stood by and failed to intercede on his behalf.

After careful consideration, the court concludes that the allegations warrant service of the

complaint and an opportunity for the plaintiff to address the defendants' response to the his Eighth Amendment claims.

**Orders**

The Court enters the following orders:

(1)     **The Pro Se Prisoner Litigation Office shall** verify the current work address for each defendant, mail a waiver of service of process request packet including the complaint and all exhibits to each defendant in his or her individual capacity within fourteen (14) days of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshal Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(3)     **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)     **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order.  If they chooses to file an answer, they shall admit or deny the allegations and respond to the cognizable claims.  They also may include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be

completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

Entered at Bridgeport, Connecticut this 19th day of October 2011.

                                                 /s/ Stefan R. Underhill
                                                  Stefan R. Underhill
                                                  United States District Judge