UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEROME RIDDICK,<br>    Plaintiff,<br><br>v.<br><br>CHEVALIER, et al.,<br>    Defendants. | Case No. 3:11-cv-1555 (SRU)(WIG) |

## **RULING AND ORDER**

Pending are the plaintiff's motions for leave to amend his complaint and for appointment of counsel.

The plaintiff seeks leave to amend his complaint to include two additional defendants, Clark and Schold, both of whom were referenced in the complaint but not included in the case caption. The defendants have not objected to the request. The plaintiff's motion [**Doc. #21**] is **GRANTED**. However, before the complaint can be served on these two new defendants, the plaintiff must file a proper amended complaint including them. To facilitate the filing of an amended complaint, **the Clerk is directed to send the plaintiff a copy of the complaint with this order. The plaintiff is directed to add Clark and Schold to the case caption, include the required information about them in the section of the complaint listing the defendants, re-sign and date the complaint, and return it to the court.** After the amended complaint has been returned, the court will order service on Clark and Schold.

The plaintiff also seeks appointment of *pro bono* counsel. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d

Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 996 (1991).

Although the plaintiff identifies several law firms which declined representation, he does not indicate that he requested assistance from Inmates' Legal Assistance Program, the organization created to provide legal assistance to Connecticut inmates. Thus, the court cannot discern whether the plaintiff can obtain legal assistance on his own and concludes that appointment of counsel is not warranted at this time. The plaintiff's motion for appointment of counsel [**Doc. #22**] is **DENIED** without prejudice.

**SO ORDERED** at Bridgeport, Connecticut this 12th day of March 2012.

/s/ William I. Garfinkel

William I. Garfinkel
United States Magistrate Judge