UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEROME RIDDICK,                   :
       Plaintiff,            :
                             :
v.                                :   Case No. 3:11-cv-1555 (SRU)(WIG)
                             :
CHEVALIER, et al.,                :
       Defendants.           :

## RULING AND ORDER

This ruling addresses eight pending filed by the plaintiff in this action.

I.    <u>Motion for Return of Property [Doc. #42]</u>

The plaintiff asks the court to order Warden Edward Maldonado to return his copy of Webster's Dictionary. The plaintiff alleges that, although possession of the dictionary was approved by the Media Review Board, the dictionary was confiscated pursuant to a unit directive prohibiting inmates from having books weighing more that 4.5 lbs. In response, the defendants contend that the court cannot issue such an order because Warden Maldonado is not a party to this action and the requested order is unrelated to any claim in this case.

Warden Maldonado is not named as a defendant in this case. As a non-party, the court lacks the authority to order his actions. See <u>Doctor's Assocs., Inc. v. Reinert & Duree, P.C.</u>, 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."). The plaintiff's motion is denied.

II.     Motion for Legal Work and Legal Property [Doc. #46]

The plaintiff asks the court to order Warden Maldonado, Captain Cahill and Captain Mangiafico to return his legal work and legal property. At the time he filed his motion, the plaintiff had been deprived of his legal materials for three days. The plaintiff also states that his envelopes and paper were confiscated. As additional relief, the plaintiff seeks unlimited envelopes and paper and appointment of counsel.

As explained above, the court cannot order non-parties to take any specific actions in this case. Warden Maldonado, Captain Cahill and Captain Mangiafico are not named as defendants. Thus, the court does not have jurisdiction over them and cannot order their actions.

Even if jurisdiction were proper, the motion should be denied. The defendants note that the plaintiff's legal materials were returned to him on June 25, 2012, the same day this motion reached the court. In addition, the defendants note that the plaintiff was provided twenty legal envelopes and seventeen ILAP envelopes during the month of June alone. The court notes that the volume of paper filed by the plaintiff belies any claim that he lacks sufficient paper to prosecute this case. Thus, these requests are moot. The request for appointment is denied for the reasons stated in the court's prior ruling.

III.    Motion for Extension of Time [Doc. #47]

The plaintiff seeks an extension of time, until August 20, 2012, to conduct depositions and complete discovery in this case. As the last defendant has only recently been served, the plaintiff's motion is granted.

The plaintiff is advised, however, that he is responsible for the cost of any depositions he conducts. Although the plaintiff has been granted permission to file his action in forma pauperis,

2

28 U.S.C. § 1915 does not authorize payment or advancement of discovery expenses by the court.  See Morgan v. Murphy, No. 3:10cv1361(JCH), 2011 WL 2681148, at *1 (D. Conn. July 8, 2011)(citing cases); Tajeddini v. Gluch, 942 F. Supp. 772, 782 (D. Conn. 1996) (denying plaintiff's motion to depose defendants because plaintiff did not indicate how he would pay deposition expenses and in forma pauperis status does not require advancement of funds by the court for deposition expenses).

IV.     Motion to Compel Answer [Doc. #51]

The plaintiff seeks an order directing the defendants to file their answer.  The defendants were granted an extension of time, until seventy days following service of the amended complaint to file their response.  See Doc. #33.  The amended complaint added two defendants, Clark and Schold.  Although, to date, service has not been effected on defendant Clark, Assistant Attorney General Davis appeared on behalf of both Clark and Schold on July 12, 2012.  Thus, the court will consider the response time to commence on the appearance date with the response to the amended complaint due on or before September 20, 2012.  As that date has not passed, the plaintiff's motion is denied as premature.

V.      Motion for Legal Envelopes [Doc. #52]

The plaintiff ask the court to order Warden Maldonado to provide him five legal envelopes.  The plaintiff was told by correctional counselors that they did not have any legal envelopes and would provide them as soon as the envelopes were available.

Once again, the court cannot order Warden Maldonado, a non-party, to take any action.  The plaintiff's motion is denied.  In addition, the defendants have submitted the affidavit of the plaintiff's counselor stating that the plaintiff was provided at least five legal envelopes after this

3

motion was filed. Thus, the request is moot.

VI.     Motions to Compel Discovery [Docs. ##53, 54, 55]

The plaintiff has filed three motions seeking to compel responses to various discovery requests. Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain.

In response to the first motion to compel, the defendants note that after they responded to the discovery requests the plaintiff did not contact counsel to attempt to resolve the defendants' objections. The plaintiff also does not indicate that he made any attempt to resolve this matter with defendants' counsel and has not attached the required affidavit. Although the response time on the other two motions has not expired, the court noted that the plaintiff has not documented any attempts to resolve the issues in those motions.

In addition, Rule 37(b)1, D. Conn. L. Civ. R., requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Copies of the discovery requests must be included as exhibits. The plaintiff has not filed the required memorandum with any motion and has not attached copies of his discovery requests to two motions.

As the plaintiff has not complied with the requirements of the local rule with regard to any of his motions to compel, all three motions are denied without prejudice. The plaintiff may refile his motions after complying with the requirements of Local Rule 37.

VII.    Conclusion

The plaintiff's motions for return of property [**Doc. #42**], for legal work and legal property [**Doc. #46**], to compel answer [**Doc. #51**], and for legal envelopes [**Doc. #52**] are **DENIED**. The plaintiff's motions to compel [**Docs. ##53, 54, 55**] are **DENIED** without prejudice. The plaintiff's motion for extension of time [**Doc. #47**] is **GRANTED**.

**SO ORDERED** at Bridgeport, Connecticut this    9th    day of August 2012.

/s/ *William I. Garfinkel*
William I. Garfinkel
United States Magistrate Judge